### PICKLE v. TRIMMEL.
#### Civ. No. 3764.

United States District Court
Middle D. Pennsylvania.
Nov. 10, 1950.

Martin H. Philip (of Philip & Philip), Palmerton, Pa., for plaintiff.

Frank X. York, Mauch Chunk, Pa., Raymond Bialkowski (of Bialkowski, Bialkowski & Bialkowski), Scranton, Pa., for defendant.

WATSON, Chief Judge.

The Plaintiff, Teofilla V. Pickle, instituted this suit to recover damages for the death of Frank B. Pickle, which she alleges was caused by the willfullness, recklessness or gross negligence of Michael Trimmel, Defendant. The Plaintiff seeks recovery on behalf of three children of Frank B. Pickle and on her own behalf as widow under the

824

Pennsylvania "Wrongful Death" Statutes [1] and on behalf of the estate of Frank B. Pickle as administratrix under the Pennsylvania "Survival" Statute.[2]

The action is before the Court on Plaintiff's Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure.[3] Affidavits of Harold A. Smith and Charles R. Fisher and depositions of Michael Trimmel and Rudolph Valentine were filed by Plaintiff in support of her motion. Plaintiff prays for summary judgment in her favor for such amount as may be determined by a jury to be due on the ground that the pleadings, depositions, admissions and affidavits show that Defendant exhibited wanton misconduct, that except as to the question of damages there is no genuine issue as to any material fact, and that Plaintiff is entitled to judgment as a matter of law.

■ Upon a motion for summary judgment, it is not the function of the Court to decide issues of fact but to determine whether or not there is any issue of fact to be tried. The moving party, here the Plaintiff, has the burden of showing the absence of a genuine issue of a material fact and all doubts as to the existence of such an issue must be resolved against her.[4]

Plaintiff in Paragraphs 4 and 5 of her Complaint alleges that on June 8, 1949, about 9:30 P. M., Defendant was driving his automobile in a westerly direction on West Patterson Street, Lansford, Pennsylvania; that Frank B. Pickle was walking in a westerly direction on the north side of the same street; and that Defendant's automobile willfully, recklessly or with gross negligence struck and violently threw Frank B. Pickle to the ground. Defendant in his Answer admits that on said date and at said time he was driving his automobile in a westerly direction on West Patterson Street, Lansford, Pennsylvania, denies all other averments of Paragraphs 4 and 5 of Plaintiff's Complaint, and for further answer avers

that Frank B. Pickle was proceeding in a westerly direction on the north side of the concrete pavement street and not upon the shoulder and that Defendant was driving in a lawful, careful and prudent manner in accordance with the Laws of the Commonwealth of Pennsylvania and was in no way guilty of the accident.

From the deposition of the Defendant, it appears that the highway was concrete about 18 or 20 feet wide at the point of the collision, with a macadam berm of about 18 inches on the north side; that Defendant was proceeding at a speed of about 25 MPH; that about 18 inches from the northern edge of the concrete highway at the point of the collision there was an excavation about three feet wide; that Defendant first saw Frank B. Pickle from a distance of "probably 80 feet, 70 feet, something like that"; and that from the point where Defendant's automobile struck Frank B. Pickle to the point where Defendant's automobile stopped was a distance of 27 feet. Defendant described the collision on Pages 10 and 15 of the deposition as follows: "As I was coming down, I seen these red lights, I slowed up, and I seen this gentleman walking on the highway. He was directly on the edge of the highway. So there was a car coming from Coaldale towards me, and I took a look at him and I took a look at this car, and whenever I took the second look at him he was reeling over on to the highway, and he sort of come over this way (indicating), he was bent over, he was bent over, because I swerved to the left to try to avoid him, and as I passed this other car I pulled back again, and whenever I stopped I made a semi-circle and I swerved over on to the lefthand side of the highway, and whenever I stopped my two front wheels were off the highway and the two back wheels were on the highway, and the car was at an angle like that (indicating) * * * After I seen him and I seen the headlights of this car coming to-

1. Act of April 15, 1851, P.L. 669, 12 P.S. § 1601; and Act of April 26, 1855, P.L. 309, 12 P.S. § 1602, as amended.

2. Act of July 2, 1937, P.L. 2755, 20 P.S. Appendix, § 772.

3. Fed.Rules Civ.Proc. Rule 56, 28 U.S. C.A.

4. See Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, and cases cited therein.

wards me, and whenever I glanced back at him I seen him coming out on the highway, and then he was—I would say he was three feet, or so, over on the highway."

The affidavits of both Harold A. Smith and Charles R. Fisher, two employees in the traffic department of the Police Department of the City of Allentown, Pennsylvania, state that the average stopping distance of a car travelling at a speed of 25 MPH under conditions similar to those at the time of this collision is 58.7 feet, according to tables which are accurate and can be clinically reproduced scientifically according to the laws of physics.

The Plaintiff contends that the foregoing pleadings, depositions and affidavits clearly show that Defendant realized a danger to Frank B. Pickle and recklessly disregarded that danger thereby evidencing at least a willingness to inflict injury or a conscious indifference to the perpetration of the wrong, so as to leave no genuine issue as to any material fact except damages, and that therefore Defendant was guilty of wanton misconduct as a matter of law.

■ It is certainly the law in Pennsylvania that even if a defendant was grossly negligent, plaintiff, because of her decedent's contributory negligence, cannot recover, but that such contributory negligence would not be a bar to recovery if defendant was guilty of wanton misconduct, that is, if he exhibited a reckless disregard for decedent's safety after observing his perilous position and realizing the danger involved in proceeding at a high rate of speed without giving warning of his approach.[5]

It has also been held in Pennsylvania in an action against an automobile owner to recover damages for the death of a plaintiff's decedent that a compulsory nonsuit should be entered where it appeared that decedent was walking longitudinally along the street from one street intersection to another; that decedent was struck from behind by defendant's automobile while it was travelling at a rate of speed from 12 to 15 MPH; and that when the car gave a warning signal the decedent became confused and "zigzagged" into its path. In affirming the action of the lower court in entering a compulsory nonsuit under such a set of facts, Mr. Justice Moschzisker, speaking for the Pennsylvania Supreme Court, stated, inter alia: " * * * there is nothing * * * which would justify an inference that the driver wantonly ran into Mr. Virgilio (decedent), or that he negligently omitted to do those things which an ordinarily careful person similarly situated would have done. In short, the unfortunate man who was struck appears to have jumped around in front of the car, and, while both the chauffeur and he were endeavoring to avoid the threatening danger, 'zigzagged' or 'jockeyed' himself into the collision." [6]

■ Under the substantive law of Pennsylvania and after careful consideration of the pleadings, deposition, and affidavits, it is the opinion of this Court that the Plaintiff has not met her burden of establishing the absence of a genuine issue of fact as to whether or not the Defendant was guilty of wanton misconduct in connection with this collision. The determination of this question along with all other material questions in the case should be reserved for trial. The Plaintiff's Motion for Summary Judgment should be denied. An appropriate order will be filed herewith.

### Order

Now, November 10th, 1950, it is ordered that Plaintiff's Motion for Summary Judgment be, and it is hereby, denied.

---

5. Kasanovich, Adm'x v. George et al., Trustees, 1943, 348 Pa. 199, 34 A.2d 523.

6. Virgilio v. L. B. Walker and F. C. Brehm, Copartners doing business as L. B. Walker Co., 1916, 254 Pa. 241, 98 A. 815, 816.