GLADYS GONZÁLEZ VDA. DE VIERA, ETC., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. JORGE MELÉNDEZ VELA, JUEZ, demandado; PUERTO RICO INSTITUTE OF PSYCHIATRY, INC., interventores.

Número: C-65-120    Resuelto: 2 de mayo de 1966

*Miguel A. Velázquez* y *Raúl Serrano Geyls,* abogados de los peticionarios; *González & Rodríguez,* abogados de United States Fidelity & Guaranty Co.; *José R. Fournier,* abogado de la Puerto Rico Institute of Psychiatry, Inc.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Los peticionarios instaron una acción en reclamación de daños y perjuicios contra Puerto Rico Institute of Psychiatry, Inc., su aseguradora United States Fidelity & Guaranty Co.,

Hato Tejas Development Co. y los señores Eduardo D. Maldonado Sierra, Rafael Boyer y Julio Frank. Alegaron en síntesis que en 4 de enero de 1963 los familiares de Rafael Viera Medina asilaron a éste en un hospital operado por los demandados para sometérsele a tratamiento médico; que por su conducta negligente permitieron que dicho paciente sufriera lesiones de naturaleza grave mientras estaba recluido en el hospital; que dichas lesiones fueron causadas al ser agredido físicamente el paciente por otra persona y/o al caerse contra el pavimento mientras se encontraba sin vigilancia en una de las celdas del hospital; que luego de recibir las lesiones mencionadas no se le brindó la adecuada asistencia médica y que como consecuencia de las lesiones el paciente falleció en el hospital el día 13 de enero de 1963.

La United States Fidelity & Guaranty Company contestó negando las alegaciones esenciales de la demanda enmendada y como defensas afirmativas alegó que la muerte de Rafael Viera Medina no fue causada por acto alguno negligente de su asegurada Puerto Rico Institute of Psychiatry, Inc., que la demanda no aduce hechos constitutivos de causa de acción en su contra y que de haber ocurrido la muerte de Viera Medina como se relata en la demanda fue a consecuencia del tratamiento a que fue sometido y que esa fase está excluida en la póliza.

Los otros demandados contestaron aceptando el hecho del ingreso de Viera Medina en el hospital operado por la Puerto Rico Institute of Psychiatry, Inc., así como el de su muerte y además aceptaron la existencia del contrato de seguro con la U.S. Fidelity & Guaranty Co. Negaron todos los demás hechos y como defensa alegaron que no habían incurrido en descuido o negligencia.

Los demandantes presentaron una moción solicitando se dictara sentencia sumaria interlocutoria a su favor y contra Puerto Rico Institute of Psychiatry, Inc., y United States Fidelity & Guaranty Company, alegando que no existía una

controversia real en cuanto a los hechos esenciales con excepción de la cuantía de los daños sufridos por dichos demandantes. Acompañaron a dicha moción los siguientes documentos:

1) Requerimiento de admisiones marcado Núm. 2 y su contestación que lee así:

"Segundo: Acepta que Rafael Viera Medina fue ingresado a la Puerto Rico Institute of Psychiatry, se le hizo un examen físico completo que obra en el récord médico de dicho paciente en el hospital. Anotándose en el récord médico que la condición del corazón era normal, que los pulmones estaban claros a la palpación, las funciones del cuello eran normales y las funciones de la cabeza eran normales."

2) Requerimiento de Admisiones marcado Núm. 3 y su contestación:

"Tercero: Se admite que el día 10 de enero de 1963 en el cambio de turno de las 7:00 de la mañana, el paciente Rafael Viera Medina sufrió lesiones mientras estaba recluído en la Puerto Rico Institute of Psychiatry en el aspecto derecho de la cara, en el cuello y una intensa laceración al nivel de los molares superiores. Se acepta que en el récord médico del paciente hay la anotación que está transcrita en el Requerimiento de Admisiones."

Dicha nota lee:

"1/10/63—Mrs. Guzmán

"En el cambio de turno de 11-7 a 7-3 uno de los 'ward boys' trajo al paciente Rafael Viera todo lleno de sangre con un lado de la cara hinchado. Se le lavó para ver que era lo que tenía y tenía una herida en la cara y adentro de la boca. Se llamó al Doctor de turno y éste vino a verlo. Le ordenó bolsa de hielo en la cara.

Se me informó que durante la madrugada tuvieron una pelea. Informa Mrs. Roque que nada había sucedido que los habían separado y todo había quedado bien. Nadie ha podido explicar a que hora fue que este accidente ocurrió.

Atentamente,

Mrs. Horta."

3) Contestación al Requerimiento de Admisiones marcado con el Núm. 5, en el cual se admite:—

"5. El día 13 de enero de 1963 el paciente Rafael Viera Medina se puso cianótico como resultado de una condición pulmonar, originada en el área contusionada en el cuello, como consecuencia de las lesiones que había recibido el día 10 de enero de 1963 y como consecuencia de esta condición el paciente falleció en el mismo hospital."

4) Record médico del paciente Rafael Viera Medina que conserva el Puerto Rico Institute of Psychiatry, Inc.

5) Contestaciones a la Demanda enmendada presentadas por ambas demandadas.

6) Copia del Contrato de Seguro (Póliza Núm. GL-653746) entre las referidas co-demandadas.

7) Transcripción de la declaración bajo juramento prestada por el doctor que practicó la autopsia del causante de los demandantes, ante la Cámara de Representantes de Puerto Rico y en cuya declaración se afirma que la autopsia revela que Viera Medina murió de embolia pulmonar y que esta embolia fue producida por la lesiones recibidas por dicho paciente. También declaró el doctor: "Entonces vio la historia aquí que efectivamente se había dado un golpe, se había caído del baño, se había dado una contusión, diversas contusiones en la cara, que están descritas en este informe."

Puerto Rico Institute of Psychiatry, Inc., radicó una moción sin jurar, oponiéndose a que se dictara sentencia sumaria en su contra. Alegó que ni de las alegaciones ni de los documentos presentados se establece la conducta negligente por la cual se le exige responsabilidad. La otra codemandada no compareció a oponerse a la moción sobre sentencia sumaria.

La negligencia que se imputa a los demandados consiste en su falta de vigilancia y cuidado necesarios para evitar que el causante de los demandantes fuera, 1) agredido por otra persona, ó 2) se cayera sobre el pavimento a consecuencia de cuyos actos recibió las lesiones que le ocasionaron la muerte al desarrollarse en el paciente una pulmonía de origen traumático.

Los documentos unidos a la moción sobre sentencia sumaria, no establecen que el paciente Viera Medina fuera objeto de una agresión por otra persona mientras se encontraba recluido en el hospital. La nota que obra en el récord médico de dicho paciente, firmada por Mrs. Horta, lee en lo pertinente: 'Se me informó que durante la madrugada tuvieron una pelea. Informa Mrs. Roque que nada había sucedido que los habían separado y todo había quedado bien. Nadie ha podido explicar a que hora fue que este accidente ocurrió."

Suponiendo que esa evidencia era admisible a los fines de probar la ocurrencia de una pelea y una agresión, lo que dice la nota es que en esa pelea nada había sucedido, que los habían separado y que todo había quedado bien. No puede afirmarse que el paciente Viera Medina recibiera los golpes que le ocasionaron la muerte en esa pelea.

Suponiendo igualmente que los hechos relatados por información por el Dr. Taveras en la declaración jurada prestada en una vista pública celebrada ante una comisión de la Cámara de Representantes, pudieran servir de base a una sentencia sumaria, ([1]) en tal declaración sólo se establece el hecho de que el paciente Viera Medina recibió los golpes al sufrir una caída en el baño del hospital. ¿Procedería a base de este hecho la aplicación de la doctrina de *res ipsa loquitur* para imponer responsabilidad a los operadores del hospital?

■ Demasiado conocidos son los requisitos exigidos para que proceda la aplicación de la doctrina de *res ipsa loquitur*. ([2]) No es necesario reexaminarlos ahora. Baste decir que de acuerdo con el primero de dichos requisitos, el accidente debe de ordinario no ocurrir a no ser por la negligencia de otra persona. Es decir, las circunstancias en que ocurrió el accidente deben dar base razonable a la inferencia de que

---

([1]) Véanse, 6 Moore's *Federal Practice*, Sec. 56.22, págs. 2801 y siguientes; *Roucher* v. *Traders & General Ins. Co.*, 235 F.2d 423.

([2]) *Sociedad de Gananciales, etc.* v. *Presbyterian Hospital*, 88 D.P.R. 391 (1963).

alguien ha sido negligente. En el presente caso sin embargo, aun aceptando que las demandantes lograron establecer que su causahabiente falleció a consecuencia de las heridas que recibió al sufrir una caída en el baño del hospital, tal hecho por sí solo, es insuficiente para que de él pueda inferirse que alguien fue negligente. Ciertamente la caída de una persona en un baño, aun cuando se trate de una persona que padece de sus facultades mentales, en ausencia de otras circunstancias concurrentes, es probable que se produzca, de acuerdo con la experiencia humana, sin que medie negligencia de alguien. En otras palabras, en el campo de las probabilidades, un hombre razonable no puede afirmar que es más probable que hubo negligencia a que no la hubo, si el hecho único que conoce es el de que un paciente mental se cayó en el baño de la institución donde está recluido. La primera pregunta que nos formularíamos sería la de si la condición general del paciente, o la localización y configuración física del baño no le permitían, sin la ayuda y vigilancia adecuada, usar el baño sin riesgo a sufrir daño. Cuando existen estas y otras circunstancias podría hacerse la inferencia de que la caída del paciente se debió a la negligencia de alguien, pero en este caso el récord está huérfano de esa prueba o de cualquier otra prueba que pueda dar margen a la inferencia de negligencia.

Por otro lado las disputas sobre negligencia no deben de ordinario adjudicarse mediante sentencia sumaria sino que deben resolverse en un juicio plenario, a no ser desde luego, que el récord demuestre que no hay una controversia genuina sobre el hecho de la negligencia.(³) Cuando haya dudas en cuanto a si existe una verdadera controversia de hechos sustanciales, la duda debe resolverse en contra de la sentencia sumaria.(⁴)

(³) *Roucher* v. *Traders & General Ins. Co.*, 235 F.2d 423; *Rogers* v. *Peabody Coal Company*, 342 F.2d 749; *Aetna Ins. Co.* v. *Cooper Wells & Co.*, 234 F.2d 342.

(⁴) *Pickle* v. *Trimmel*, 93 F.Supp. 823.

No habiendo los demandantes establecido la negligencia en controversia mediante los documentos acompañados a la moción sobre sentencia sumaria, el hecho esencial de la negligencia continúa en controversia para ventilarse en el juicio correspondiente.

No erró el tribunal recurrido al declarar sin lugar la moción de sentencia sumaria.

*Se anulará el auto expedido. y se devolverá el caso para ulteriores procedimientos.*