HON. LUIS A. MORALES, en su carácter de ALCALDE DEL MUNICIPIO DE PONCE, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE PONCE, HON. FELIPE ORTIZ ORTIZ, JUEZ, demandado; JOSÉ E. RODRÍGUEZ Y OTROS, interventores.

*Número:* O-75-217      *Resuelto:* 22 de octubre de 1975

*Alfredo Siberón Rosado,* abogado del peticionario; *Rubén Rivera Vera,* abogado de los interventores.

PER CURIAM: Al tomar posesión del cargo de Alcalde del Municipio de Ponce el peticionario Hon. Luis A. Morales trasladó al interventor Rafael De Jongh del cargo de Director del Departamento de Transporte a otra posición dentro del Municipio con la misma retribución. Igualmente trasladó a los interventores José E. Rodríguez, Ernesto Robles y Teodoro Santiago Báez del cargo de Coordinadores del Departamento de Saneamiento a otros puestos en el Municipio con la misma retribución que devengaban.

Con motivo del traslado los interventores instaron demanda contra el Municipio de Ponce reclamando la restitución a sus respectivos cargos y la cantidad de $50,000 para cada uno de ellos en conceptos de daños y perjuicios. El Municipio solicitó sentencia sumaria aduciendo que los interventores ocupaban cargos administrativos creados por la Ordenanza Núm. 48, Serie 1969-70, y que en virtud del Art. 44 de la Ley Municipal, 21 L.P.R.A. sec. 1263, los funcionarios administrativos desempeñan sus cargos por el término de incumbencia del alcalde que los designó, por lo que procedía desestimar la demanda.

El tribunal de instancia, aplicando erróneamente lo resuelto en *Báez Cancel v. Alcalde Mun. de Guaynabo,* 100 D.P.R. 982 (1972), denegó la solicitud de sentencia sumaria sin tomar en cuenta que en este caso se trata de funcionarios

administrativos cuyo término de incumbencia es el mismo para el cual el alcalde que los designó fue electo.

En vista de ello el pasado 23 de mayo expedimos la siguiente orden:

"Apareciendo del expediente que el peticionario en su carácter de Alcalde del Municipio de Ponce trasladó a los aquí interventores José E. Rodríguez, Teodoro Santiago Báez, Rafael de Jongh y Ernesto Robles, que dichos interventores ocupaban puestos administrativos por nombramiento del anterior alcalde; que el tribunal de instancia se negó a dictar sentencia sumaria aplicando erróneamente lo resuelto en *Báez Cancel* v. *Alcalde Municipio de Guaynabo,* 100 D.P.R. 982, a pesar de que se trata del traslado de cuatro funcionarios administrativos que por disposición expresa de la Ley Municipal, el término de incumbencia es el mismo para el cual el alcalde que los designó fue electo, artículo 44 Ley Municipal, 21 L.P.R.A. sec. 1263,[1] se concede un término de 10 días a los interventores para que comparezcan a mostrar causa, si alguna tuvieren, por la cual no se deba expedir el auto y una vez expedido revocar la resolución recurrida y dictar otra desestimando la demanda en este caso."

Oportunamente comparecieron los interventores sometiendo un memorando en oposición a la expedición del auto solicitado. El peticionario sometió a su vez una réplica a dicho memorando. Hemos considerado los fundamentos aducidos por los interventores y no nos convencen.

*Se dictará sentencia expidiendo el auto, dejando sin efecto la resolución recurrida y desestimando la demanda en este caso.*

El Juez Asociado Señor Martín, emitió voto separado concurriendo en parte y disintiendo en parte con el cual con-

---

[1] El Art. 44 lee en lo pertinente como sigue:

"El alcalde nombrará todos los funcionarios administrativos con el consejo y consentimiento de la asamblea municipal y éstos desempeñarán sus cargos por el término para el cual el alcalde hubiese sido electo o nombrado, o hasta que sus sustitutos hubieren tomado posesión, a menos que fueren destituidos por justa causa, previa formulación de cargos."

curre el Juez Presidente Señor Trías Monge. El Juez Asociado Señor Irizarry Yunqué, no interviene.

—O—

Voto separado del Juez Asociado Señor Martín concurriendo en parte y disintiendo en parte con el cual concurre el Juez Presidente Señor Trías Monge.

San Juan, Puerto Rico, a 22 de octubre de 1975

Estoy conforme con la desestimación de la demanda en cuanto al interventor Rafael de Jongh por ser éste un funcionario administrativo cuyo término de incumbencia vence simultáneamente con el del Alcalde que le designó; pero disiento de la desestimación de la demanda con respecto a los interventores José E. Rodríguez y Teodoro Santiago Báez ya que por voz del propio juez sentenciador: "[d]e las alegaciones de las partes, los autos del caso y la prueba aportada se desprende que existe controversia real y efectiva" en cuanto a si dichos dos interventores son funcionarios o empleados. Siendo ello así, y no surgiendo del expediente ante nos hechos que justifiquen variar la determinación del juez de instancia, no procedía que se dictara sentencia sumaria por disponerlo así la Regla 36.3 de las de Procedimiento Civil de 1958. *Viuda de Viera* v. *Tribunal Superior*, 93 D.P.R. 503 (1966). En su consecuencia hubiera expedido el auto para confirmar la resolución del juez de instancia que declaró sin lugar la moción de desestimación presentada por el Municipio en cuanto a los interventores José E. Rodríguez y Teodoro Santiago Báez y para devolver el caso para la continuación de los procedimientos instados por éstos.