Escribano Medina, Juez Ponente
*1083 TEXTO COMPLETO DE LA RESOLUCION
Comparece ante nos la peticionaria Turabo Medical Center Partnership d/b/a Hospital Interamericano de Medicina Avanzada (en adelante Hospital HIMA) y nos solicita la revisión de una Orden dictada el 26 de noviembre de 2003 por el Tribunal de Primera Instancia, Sala Superior de Humacao (Hon. Luis A. Amorós, J.) en la que se determinó No Ha Lugar a la solicitud de sentencia sumaria presentada por la peticionaria. La Orden fue notificada el 5 de diciembre de 2003.
I
Surge de los autos, que el 1 de febrero de 2001, la demandante-recurrida Ángeles Rodríguez Otero se encontraba en el negocio El Jagual, sito en la carr. #3 del Barrio Río Abajo en Humacao cuando, y al salir del negocio, tropezó con una grieta cayendo al suelo y fracturándose su rodilla izquierda.
Como consecuencia del incidente, la Sra. Rodríguez fue llevada al Hospital Ryder de Humacao donde fue atendida por el Dr. Reyes en la sala de emergencias. A la Sra. Rodríguez le fueron sacadas unas radiografías, las cuales reflejaron rotura de la patela, siendo referida al cirujano ortopeda, Dr. Manuel O. Soto Ruiz.
La Sra. Rodríguez fue operada en el Hospital HIMA donde se le practicó un procedimiento de reconstrucción de la patela izquierda introduciéndole en la rodilla unos alambres, dada de alta el mismo día de la operación.
El 29 de marzo de 2001, la recurrida comenzó unas terapias referidas por el Dr. Soto Ruiz, las cuales tuvieron que ser suspendidas a consecuencia de una tromboflebitis, por lo que tuvo que ser internada en el Hospital HIMA. Como resultado de lo anterior, la recurrida estuvo sometida a tratamiento con anticoagulantes por seis meses.
El 16 de enero de 2002, la recurrida presentó demanda en daños y perjuicios e impericia médica contra el Dr. Manuel Soto Ruiz; Hospital HIMA; Dr. Reyes Ortiz; Hospital Ryder, entre otros.
Luego de varios incidentes procesales, el 11 de septiembre de 2003, el Hospital HIMA presentó una moción en solicitud de sentencia sumaria por no surgir evidencia que impute o alegue que el Dr. Soto Ruiz no tenía las credenciales para ser médico, ni que estaba impedido de ejercer la práctica de la medicina en Puerto Rico o que el Hospital HIMA fue negligente al momento de conceder los privilegios, ya sea por no tener las calificaciones o porque, luego de otorgados privilegios, el desempeño del médico fue deficiente.
Dictada la orden de No Ha Lugar a la sentencia sumaria, la peticionaria comparece ante nos señalando como error lo siguiente:

“Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la moción en solicitud de sentencia sumaria presentada por la parte aquí peticionaria, cuando los hechos allí consignados no están en controversia

Examinado el recurso con detenimiento, resolvemos.
II
La sentencia sumaria es un remedio extraordinario que sólo debe concederse cuando el promovente ha establecido su derecho con claridad y ha demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de las alegaciones y los documentos que obren en el expediente, por lo que *1084 procede dictar sentencia sumaria de no existir una disputa legítima de hecho a ser dirimida, y sólo resta aplicar el derecho. Benítez Esquilín v. Johnson & Jonson, 2002 J.T.S. 137, Op. del 30 de septiembre de 2002; Pardo v. Sucn. Stella, 145 D.P.R. 816 (1998); Audio Visual Language v. Sistema de Estacionamiento Natal, 144 D.P.R 563 (1997); Corp. of Presiding Bishop v. Purcell, 117 D.P.R. 714 (1987).
La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. m, establece que se dictará sentencia sumaria inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiese, demuestren que no hay controversia real sustancial en cuanto a hecho material alguno y que, como cuestión de derecho, debe dictarse sentencia sumaria a favor de la parte premovente. Mercado Vega v. U.P.R., 128 D.P.R. 273, 281 (1991).
La sentencia sumaria debe concederse solamente cuando no hay una genuina controversia sobre hechos materiales y el tribunal se convence que tiene ante sí la verdad de todos los hechos pertinentes. Véase Audio Visual Language v. Sistema de Estacionamiento Natal, supra; Soto v. Hotel Caribe Hilton, 137 D.P.R. 294 (1994); Consejo de Titulares Parkside v. MGIC Fin. Corp., 128 D.P.R. 538 (1991).
Ante una moción de sentencia sumaria, cualquier duda sobre la existencia de una controversia sobre los hechos materiales debe resolverse contra la parte promovente. Así pues, “el sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de ‘su día en corte’, principio elemental del debido proceso de ley. ” Roig Comm. Bank v. Rosario Cirino, 126 D.P.R. 613 (1990).
El Tribunal Supremo ha señalado que, aunque de ordinario, las disputas sobre negligencia no deban adjudicarse mediante sentencia sumaria, sino que deben resolverse en un juicio plenario, esto no impide que utilice dicho mecanismo en aquellos casos donde el récord demuestre que no hay controversia genuina sobre el hecho de la negligencia. Vda. de Viera v. Tribunal Superior, 93 D.P.R. 503, 508 (1966).
Observando los hechos ante nuestra consideración a la luz del derecho antes mencionado, observamos que las circunstancias del incidente en el cual la Sra. Rodríguez se fracturó la rodilla se remontan al año 2001. De los documentos que obran en los autos surge que el 22 de junio de 1998, el Hospital HIMA le concedió al Dr. Soto Ruiz los privilegios para ejercer la medicina en sus facilidades por el término de un año.
El 29 de diciembre de 1999, la junta del Hospital HIMA suscribe una carta al Dr. Soto en la que le informa que los privilegios de ejercer la medicina en sus facilidades, serán renovados para el siguiente año de forma “provisional por un período de seis meses”, haciéndole la recomendación de que mejore la asistencia a las reuniones.
Luego de esta notificación, nada surge sobre lo que ocurrió después de los seis meses; a saber, si le fueron renovados los privilegios o no.
Por otro lado y con relación a la responsabilidad de los hospitales, nuestro Tribunal Supremo ha establecido, adoptando la doctrina moderna americana, que la tendencia actual en los casos de impericia médica es hacia la imposición de mayor responsabilidad a los hospitales bajo la doctrina de responsabilidad corporativa, aun en casos de negligencia cometidos por médicos a quienes el hospital ha concedido el privilegio de utilizar sus facilidades para atender sus pacientes. Márquez Vega v. Martínez Rosado, 116 D.P.R. 397, 409 (1985).
El Tribunal Supremo ha expresado que existen razones de política pública para imponer a los hospitales la obligación continua de velar por la salud de sus pacientes a través de:

“(a) hacer una cuidadosa selección de los médicos a quienes, en la forma que sea, les ha conferido el privilegio de utilizar sus facilidades;

*1085
(b) exigir que dichos médicos se mantengan al día a través de cursos de mejoramiento profesional;

(c) ‘mantenerse al tanto’ (monitoring) del trabajo de los referidos médicos e intervenir, cuando ello sea posible, ante un acto obvio de impericia médica por parte de los mismos;

(d) descontinuar el privilegio concedido ante repetidos o crasos actos de mala práctica por parte de uno de esos médicos; y

(e) mantenerse razonablemente al día en cuanto a los adelantos tecnológicos habidos(Citas omitidas)
Tal y como lo expresó el Tribunal de Primera Instancia, la norma prevaleciente es a los efectos de que un hospital no responde por un acto de negligencia de un médico no empleado a menos que la institución hubiese sido negligente al conceder al doctor el privilegio de utilizar sus facilidades para atender pacientes privados, o cuando no hubiese intervenido para evitar el acto de impericia o cuando las facilidades y equipo del hospital hubieran tenido relación con el acto de impericia.
Los hechos del caso demuestran que el 7 de febrero de 2001, el Dr. Soto Ruiz alegadamente operó a la Sra. Rodríguez en el Hospital HIMA y le colocó unos alambres y tornillos en la rodilla que sobrepasaron excesivamente el área afectada, los cuales le provocaron daños a la paciente, o sea, le instalaron los materiales equivocados.
Creemos que existen controversias_de_he.chos.jque tienen que ser dilucidadas en los méritos sobre la responsabilidad del hospital. Así por ejemplo: ¿Quién suple los materiales para ser utilizados en la operación? ¿Quién compró esos materiales? ¿Cuál es la participación de los otros empleados del hospital antes, durante y después de esta operación? Estas controversias no pueden ser atendidas mediante sentencia sumaria, debido a que requieren determinaciones de hechos que, sin lugar a dudas, surgen de la prueba testifical.
III
En mérito de lo antes expresado, se deniega el auto solicitado.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida I. Oquendo Graulau
Secretaria General