694

Anastacio Lasanta Piñero, etc., demandantes y recurridos, *v.* Retto, Inc., Employers Insurance of Wausau y/o Employers Mutual Liability Insurance of Wisconsin, demandados y recurrentes.

Número: R-71-204          Resuelto: 12 de mayo de 1972

*J. H. Picó* y *Orlin P. Goble,* abogados de los recurrentes; *Lugo
& Gómez,* abogados de los recurridos.

PER CURIAM: Impugnan los recurrentes la sentencia par-
cial sumaria dictada en este caso al efecto de que "el accidente
y sus consecuencias motivadoras del caso fue debido a la negli-
gencia de la parte demandada." Concluimos que dicha senten-
cia debe prevalecer.

Sostienen los recurrentes que la sentencia sumaria es im-
procedente porque (1) existe una controversia de hechos en el
caso; (2) la negligencia hay que probarla en un juicio plena-
rio; (3) se basó en parte en evidencia inadmisible consis-
tente de la denuncia del conductor del vehículo del demandado
Retto, Inc., por guiar negligentemente con motivo del acci-
dente que alega éste causó su sentencia en dicho caso en que
aparece que hizo alegación de culpable, y en parte en declara-
ciones en beneficio propio; (4) dicha evidencia es insuficiente
para establecer la negligencia ya que nada dice sobre la velo-
cidad de los vehículos envueltos, las condiciones de la carre-
tera, el número de vehículos que transitaba por la carretera,
la visibilidad existente, las condiciones mecánicas de los ve-
hículos, la atención, vigilancia y experiencia de los conductores
y el tiempo transcurrido y la distancia recurrida desde que
vieron el vehículo de la codemandada Retto, Inc. y el posterior
impacto; (5) Retto, Inc. no cooperó con los aseguradores, aquí
recurrentes, en proveerles la información necesaria para una
adecuada defensa.

En la demanda radicada en 7 de enero de 1971 se alegó la
ocurrencia de un accidente en el Km. 42 de la carretera Núm.
1 en 28 de febrero de 1970 al impactar el camión de Retto,
Inc. los vehículos que conducía cada uno de varios de los re-
curridos. Se alegaron cuantiosos daños personales y a la
propiedad de los recurridos. En la contestación de 7 de abril

de 1971 de las aseguradoras, se negaron los hechos por falta de informe y se relacionaron varias defensas, entre las cuales se incluyó la falta de cooperación del codemandado Retto, Inc., el cual nunca contestó la demanda por lo que se le anotó la rebeldía.

En las declaraciones juradas que acompañan la moción de sentencia sumaria de 27 de mayo de 1971, se informa, en síntesis, que el día del accidente:

1.—Anastacio Lasanta Piñero conducía un vehículo Jeep llevando de pasajera a su esposa cuando:

". . . saliendo de una curva que hay en dicho lugar, me encontré frente a mí, invadiendo mi carril un camión que en dicha curva, y en una cuesta, trataba de pasarle a una línea de vehículos que se dirigía en dirección a Cayey, o sea, dirección opuesta a la mía . . . .

Que traté de evitar que el camión antes mencionado y el cual venía hacia mi automóvil invadiendo mi carril, me impactara echándome lo más que pude hacia mi derecha para salirme de su camino pero debido a que a mi derecha se encontraba un talud que me lo impidió, detuve mi vehículo a la derecha hasta donde dicha talud me lo permitió y a pesar de ello el camión me impactó por la parte frontal izquierda del Jeep produciéndome los daños que se reclaman en el caso de epígrafe . . . .

Con el impacto mi vehículo fue lanzado hacia atrás impactando a su vez a un vehículo Ford Mustang que era conducido por el señor Miguel A. Santiago Navarro quien es codemandante en el caso de epígrafe quien también recibió daños con motivo del accidente.

Que al momento de ocurrir el accidente el camión antes mencionado venía subiendo una cuesta y pasando en una curva lo que ocasionó que invadiera el carril por donde yo transitaba a una velocidad moderada por mi derecha."

2.—Jeremías Ortiz Rodríguez conducía un vehículo Chevrolet llevando de pasajero a su esposa. Testificó que:

". . . al llegar al Km. 42.0 después de pasar un puente que se encuentra en ese lugar y cuando iba subiendo una cuesta, entrando en una curva, de imprevisto noté que un camión se tiró a pa-

sar el lado izquierdo de mi vehículo e invadió el carril de los vehículos que se dirigían hacia Caguas y procedió a impactar un Jeep conducido por el señor Anastacio Lasanta Piñero y cuyo Jeep trató de evitar el accidente echándose hacia su derecha;

Que después de impactar el Jeep antes mencionado y provocar que dicho Jeep al ser impactado hacia atrás impactara a su vez un vehículo Ford Mustang que era conducido por el señor Miguel Santiago Navarro y que transitaba en la misma dirección del Jeep, el camión echó hacia su derecha y se abalanzó encima de mi vehículo aplastando la parte de arriba del mismo con su caja y al tratar yo de esquivarlo tuve que salirme de la carretera hacia mi derecha yendo a impactar un árbol de mangó;

Que al momento de ocurrir el accidente el camión invadió el carril de los vehículos que transitaban en dirección contraria y bajaba en una curva y en cuesta ascendente y no dio señal alguna con su bocina."

3.—Miguel A. Santiago Navarro conducía un vehículo Ford Mustang

". . . por la Carretera Estatal #1 en dirección a la ciudad de Caguas y noté que delante de mi transitaba un vehículo Jeep y el cual luego resultó ser conducido por el señor Anastacio Lasanta Piñero y al llegar al Km. 42.0, cerca de la entrada del Barrio Borinquen de Caguas, me percaté de que saliendo de una curva que hay en dicho lugar y transitando a velocidad exagerada e invadiendo el carril por donde transitaba el señor Lasanta y yo, apareció un camión que trataba de pasarle a los vehículos que se dirigían de Caguas hacia Cayey;

Que al ver que dicho camión se abalanzaba contra el vehículo Jeep que conducía el señor Lasanta, que se encontraba delante de mi vehículo, noté que el señor Lasanta aplicó los frenos al mismo tiempo que echaba su vehículo hacia la derecha y contra un talud que hay en dicho lugar y al mismo tiempo que el señor Lasanta hacía esa maniobra, yo también apliqué los frenos y traté de echar mi vehículo hacia la derecha;

Que el camión antes mencionado impactó el Jeep del señor Lasanta y con el impacto éste fue tirado hacia atrás impactando la parte frontal de mi vehículo;

Que después de impactar el vehículo Jeep del señor Lasanta el camión desvió hacia su derecha y debido a la velocidad que traía,

comenzó a volcarse encima de un vehículo Chevrolet modelo 1960 que conducía el señor Jeremías Ortiz Rodríguez aplastándole la capota a dicho vehículo y echándolo a la derecha fuera de la carretera donde dicho Chevrolet fue a impactar con un árbol de mangó;

Que todos los vehículos envueltos en este accidente con excepción del camión transitaban por su derecha y a velocidad moderada;

Que el camión transitaba a velocidad exagerada invadiendo el carril de los vehículos que se dirigían hacia Caguas al momento que trataba de pasarle a los vehículos que se dirigían hacia Cayey sin haber dado aviso de clase alguna."

En todas estas declaraciones se identificó el camión que ocasionó el accidente como propiedad de Retto, Inc., conducido por su empleado Guillermo Rivera Mercado.

Se opusieron los aseguradores recurrentes a la moción de sentencia sumaria por los fundamentos antes expuestos excepto que no se adujo la defensa de falta de cooperación de Retto, Inc. Es en una subsiguiente moción de reconsideración de la referida sentencia parcial que los recurrentes adujeron como otro fundamento para dicha reconsideración la falta de cooperación de su asegurado. No ofrecieron declaración jurada o prueba otra alguna que controvirtiese los hechos relacionados en las declaraciones juradas que acompañaban la moción de sentencia sumaria o que sostuviese la defensa de falta de cooperación de la asegurada.

En *Vda. de Viera* v. *Tribunal Superior*, 93 D.P.R. 503, 508 (1966), dijimos que ". . . las disputas sobre negligencia no deben de ordinario adjudicarse mediante sentencia sumaria sino que deben resolverse en un juicio plenario, a no ser desde luego, que el récord demuestre que no hay controversia genuina sobre el hecho de la negligencia."

En *Valcourt Questell* v. *Tribunal Superior*, 89 D.P.R. 827, 833 (1964), dijimos que ". . . cuando el que solicita se dicte sentencia sumaria ha cumplido con la obligación de demostrar que no hay controversia en cuanto a los hechos y que procede

se dicte sentencia como cuestión de derecho, la otra parte contra quien se solicita la sentencia no puede derrotar la moción cruzándose de brazos y descansar, como lo hizo en este caso, en lo expuesto en las alegaciones de su demanda. 'Está en la obligación de demostrar que tiene prueba para sustanciar sus alegaciones.' *Cortés Piñeiro* v. *Sucn. A. Cortés*, 83 D.P.R. 685 (1961)." [1]

■ En vista de que los recurrentes no adujeron prueba alguna en oposición a la sentencia sumaria, debemos determinar primeramente si en las declaraciones unidas a la moción de sentencia sumaria se relacionan hechos demostrativos de la negligencia del conductor de camión de Retto, Inc., y de que no hay controversia en cuanto a esto. El resumen que previamente hemos hecho de tales declaraciones claramente demuestra la existencia de tal negligencia y de que no existe controversia sobre este particular. Ante una relación de hechos tan detallada con respecto a tal negligencia, la omisión de ciertos elementos de prueba a que se refieren los recurrentes en su fundamento Núm. 4 anterior, no controvierte la suficiencia de tal prueba de negligencia ni son demostrativos de su insuficiencia. *Olson* v. *Mason*, 310 F.Supp. 1031 (S.D. Ill. 1970).

■ El hecho de que se haya aducido evidencia de la culpabilidad admitida por el conductor del camión en la acción criminal en nada afecta el hecho de que las anteriores declaraciones juradas relacionan hechos del accidente que claramente demuestran que el mismo se debió a la negligencia de dicho conductor.

■ En cuanto a la defensa de falta de cooperación del asegurado, basta indicar que la misma está aún disponible para ser considerada en su oportunidad cuando el caso vuelva al tribunal de instancia.

---

[1] Así lo dispone la Regla 36.5 de las de Procedimiento Civil.

700

En la vista oral, alegaron los aseguradores que no tuvieron ni se les dio tiempo para preparar su defensa dada la falta de cooperación de la asegurada. Desde que se radicó la demanda en enero de 1971 hasta que se radicó la moción de sentencia sumaria en mayo de ese mismo año, tuvieron los aseguradores amplio tiempo y oportunidad de investigar los hechos del accidente, examinar testigos y los informes policiacos, tomar deposiciones y recurrir a todos los medios de descubrimiento de prueba disponibles. El récord parece indicar que los aseguradores no dieron cabal cumplimiento a esta obligación. *R.A.C. Motors, Inc.* v. *World Wide Volkswagen Corp.*, 314 F.Supp. 681, 685 (D.N.J. 1970).

En vista de lo expuesto, *se confirmará la sentencia sumaria parcial dictada en este caso por el Tribunal Superior, Sala de Caguas, en 22 de junio de 1971.*

El Juez Presidente, Señor Negrón Fernández, al igual que los Jueces Asociados, Señores Pérez Pimentel y Hernández Matos, no intervino.