# 96 DTA 145

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO

CARMEN H. RIVERA VARGAS; JOHNNY MARTINEZ
Demandantes-Recurridos

v.

LAGUNA GARDENS SHOPPING CENTER Y SU ASEGURADORA FULANA DE TAL; ASEGURADORA MENGANA DE TAL; AMERICAN INTERNATIONAL; FULANO DE CUAL; Y MENGANO DE CUAL
Demandados

UA CINEMA 150 (UAPR, INC.)
Co-demandada-Peticionaria

Núm. KLCE-95-00896

San Juan, Puerto Rico, a 13 de agosto de 1996

Panel integrado por su presidenta, la Juez Rivera de Martínez
y los Jueces Martínez Torres y Rodríguez García

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Resolvemos en esta ocasión que procede dictar sentencia sumaria a favor de la arrendataria de un local en un centro comercial, contra quien se reclama por una caída sufrida alegadamente en un área comunal bajo el control de la empresa dueña o encargada del centro comercial. Es a esta última, y no a la arrendataria, a quien corresponde el deber de dar mantenimiento a las áreas comunes y proveer una condición de cuidado para el disfrute de los clientes de todos los arrendatarios del centro comercial. Por lo tanto, subsiste la demanda contra ella pero no contra la arrendataria.

### I

La noche del domingo 17 de noviembre de 1993, la Sra. Carmen H. Rivera Vargas fue al cine UA Cinema 150, ubicado en el Centro Comercial Laguna Gardens, en Isla Verde, acompañada de su esposo. Una vez finalizada la película, ambos se dirigieron a abandonar el teatro. Como el ascensor estaba dañado caminaron por el pasillo del segundo piso hacia la escalera que conduce al primer piso. Tanto el pasillo como la escalera están en un área comunal del centro comercial; no pertenecen al área arrendada al cine. La Sra. Rivera Vargas alega que resbaló y se deslizó por la escalera mientras bajaba por ella. Alega que la escalera estaba húmeda y sucia. También señala que el único negocio abierto en el centro comercial esa noche era el cine.

Luego del accidente, la Sra. Rivera Vargas fue conducida a la sala de emergencia del Hospital San Francisco. Entre las lesiones que alega que sufrió se encuentran fractura del coxis, lesiones en la espalda, trauma en la muñeca izquierda, un nervio pillado en la espina dorsal y lesión en la cadera izquierda. Por motivo de todos estos daños físicos alegados, la Sra. Rivera Vargas y su esposo demandaron a la empresa dueña del centro comercial y a la empresa dueña del cine, reclamando una

indemnización de apróximadamente $200,000 dólares. La co-demandada Laguna Gardens Shopping Center presentó una demanda contra coparte.

La empresa dueña del cine, la co-demandada-peticionaria, y ahora demandada contra coparte, UAPR Inc. (erróneamente denominada en la demanda como UA Cinema 150), presentó una moción de sentencia sumaria. El Tribunal de Primera Instancia, Sala Superior de Carolina (Hon. C. Heydee Pagani Padró, Juez), denegó la moción de Sentencia Sumaria el día 17 de enero de 1995. El tribunal creyó material determinar si no había otra salida del cine y entendió que por tratarse de una determinación de negligencia le estaba vedado resolver el punto por la vía sumaria. El 3 de febrero de 1995, UAPR solicitó reconsideración, la que fue denegada el 12 de septiembre de 1995. La co-demandada Laguna Gardens Shopping Center solicitó entonces que se enmendara la resolución de 12 de septiembre para que quedara claro que la única promovente de la moción de sentencia sumaria era UAPR. El 11 de octubre se remitió a las partes copia de la notificación de la resolución enmendada que así lo dispuso. En ella, el tribunal reafirmó su dictamen.

De dicha resolución denegando la sentencia sumaria, UAPR acudió ante nos el 9 de noviembre de 1995, alegando la comisión de dos errores: (1) Que incidió el tribunal al declinar resolver que UAPR no venía obligada a proveer mantenimiento a las escaleras y el pasillo donde supuestamente ocurrió la caída de la demandante al ser éstas áreas comunes del centro comercial bajo la custodia y control del co-demandado Laguna Gardens Shopping Center. (2) Además, que cometió error el Tribunal de Primera Instancia al declarar que no procedía disponer a través de sentencia sumaria de la controversia de derecho planteada por UAPR, a pesar que no existen controversias sustanciales sobre hechos materiales.

Tras evaluar la solicitud de *certiorari* presentada, emitimos una Resolución en la que ordenamos a los demandantes-recurridos mostrar causa por la que no se deba revocar la resolución emitida por el foro de instancia y dictar sentencia sumaria a favor de UAPR, Inc. Examinada la comparecencia de los demandantes-recurridos, concluimos que los errores planteados por la parte co-demandada-peticionaria se cometieron. Resolvemos conforme a lo intimado.

## II

Para que proceda una acción en daños contra el arrendador o el arrendatario en un centro comercial, es necesario que se establezcan los requisitos que exige el Artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141: (1) que se sufrió un daño; (2) que la parte demandada cometió un acto u omisión culposo o negligente; y (3) que existe una relación causal entre dicho acto u omisión y el daño. *Soc. de Gananciales v. González Padín, Inc.*, 117 D.P.R. 94, 105, 106 (1986); *Hernández v. Fournier,* 80 D.P.R. 93, 96 (1957).

Los dueños de establecimientos no son aseguradores de los daños que sufren sus clientes. *Goose v. Hilton Hotels,* 79 D.P.R. 523, 527 (1956). Para que se imponga responsabilidad es indispensable probar que el dueño del negocio o el propietario del edificio, según sea el caso, incurrió en un acto negligente u omisión culposa que causó o contribuyó a los daños sufridos por el perjudicado. Al alegarse la existencia de una condición peligrosa, debe demostrarse que ésta era conocida por el dueño del establecimiento o que su conocimiento podía serle imputado. *Cotto v. C.M. Ins. Co.,* 116 D.P.R. 644, 650 (1985).

Aquella persona que opera un establecimiento comercial tiene el deber de mantenerlo *"en condiciones de seguridad tales, que la persona inducida a penetrar el mismo, no sufra ningún daño."* *Soc. de Gananciales v. González Padín, Inc.,* pág. 104; véase también *J.A.D.M. v. Centro Comercial Plaza Carolina,* Opinión de 19 de febrero de 1993, **93 J.T.S. 26;** *Aponte Betancourt v. Meléndez,* 87 D.P.R. 652 (1963). Claro está, a base del mismo principio, el propietario del establecimiento no responde por daños ocurridos fuera de su establecimiento, en áreas sobre las cuales no tiene control o deber de mantener en condiciones seguras. Es un principio establecido que cuando un edificio consta de varios apartamentos o locales y éstos se arriendan a distintos inquilinos, las entradas, vestíbulos, escaleras y pasillos de uso común quedan, salvo pacto en contrario en la posesión y bajo el control del arrendador. Por consiguiente, la responsabilidad por su condición y seguridad descansa sobre el arrendador. *Corchado v. Fernández Carballo*, 89 D.P.R. 100, 106-07 (1963); *Santaella Negrón v. Licari,* 83 D.P.R. 887, 892 (1961).

Recientemente el Tribunal Supremo se expresó en cuanto a la responsabilidad de un centro comercial por caídas ocurridas en áreas comunes. En unos hechos similares al caso de autos, una persona que caminaba por el pasillo de Plaza Las Américas se resbaló en una sustancia derramada en el suelo. La caída fue provocada por un helado derretido que no había sido removido del suelo por el personal de mantenimiento. El Tribunal Supremo no responsabilizó a la tienda que vendió el helado sino al centro comercial por mantener una condición de peligrosidad por un período de tiempo irrazonable. La omisión culposa de Plaza Las Américas fue pretender que siete empleados se encargaran de la limpieza del centro comercial, cuando por lo extenso del mismo era previsible que los empleados no dieran abasto para el trabajo. *Colón Miranda v. Plaza Las Américas Inc.,* Sentencia de 1 de junio de 1994, **94 J.T.S. 84.**

En el caso de autos, la escalera y el pasillo donde se alega que ocurrió el accidente constituyen un área común del centro comercial. Todos los arrendatarios, usuarios y visitantes tienen acceso al segundo piso a través de las mismas. El cine no tiene control de la escalera ya que ésta no es parte de la propiedad arrendada al centro comercial. Llegamos a esta conclusión luego de evaluar el contrato de arrendamiento comercial y las estipulaciones alcanzadas por las partes. En el Informe de Conferencia con Antelación al Juicio, las partes estipularon, entre otras cosas, lo siguiente:

*"1. La escalera donde la Parte Demandante alega se cayó conecta las áreas comunes del primer y segundo piso del Laguna Gardens Shopping Center.*

*2. El vestíbulo en el segundo piso aledaño a las escaleras es un área común del Centro Comercial....*

*6. U.A.P.R., Inc. es una inquilina en el Centro Comercial Laguna Gardens Shopping Center....*

*9. Laguna Gardens Shopping Center es la encargada de mantener las áreas comunes del Centro Comercial conforme las alegaciones de Laguna Gardens Shopping Center y American International Insurance Co. of Puerto Rico en la Contestación a la Demanda de Co-Parte[.]*

*10. Laguna Gardens Shopping Center es la encargada de mantener las áreas comunes del Centro Comercial conforme al contrato entre las Co-Demandadas Laguna Gardens Shopping Center, Inc."*

La omisión culposa alegada consiste en no proveer mantenimiento a las areas comunales el domingo luego del mediodía aunque a los clientes del cine se provee acceso a ellas. Más aún, el otro medio de acceso, el ascensor, estaba fuera de servicio. Era previsible que las áreas comunales, incluyendo la escalera, se ensuciarían con el tránsito de personas, ya que muchas de ellas podrían derramar refrescos o golosinas adquiridas en el cine u otro lugar. No podemos responsabilizar a UAPR por el mero hecho de vender tales artículos, ya que su responsabilidad de proveer mantenimiento no se extendía al área donde ocurrió el accidente. Debemos recordar que el deber especial de cuidado que tienen los establecimientos comerciales hacia sus clientes no implica la obligación de prevenir todos los riesgos que puedan concebirse en una determinada situación, pues de ser así prácticamente se estaría aplicando una regla de responsabilidad absoluta. *Ramírez Salcedo v. E.L.A.*, Opinión de 19 de marzo de 1996, **96 J.T.S. 41,** pág. 868.

En este caso, el contrato entre UAPR y el centro comercial responsabiliza a este último por mantener las escaleras o áreas comunales limpias. Esa es la esencia misma del concepto del centro comercial que ofrece un local al arrendatario y unas facilidades comunales para uso de sus clientes, a cambio de una renta. Por consiguiente, cualquier accidente producto de la falta de mantenimiento a las áreas comunales será responsabilidad del arrendador.

Del contrato otorgado entre las partes no surge que el arrendador haya transferido su obligación en cuanto a las áreas comunales a UAPR. El área descrita como *"demised premises"* en el contrato, es decir el área arrendada, cuyo mantenimiento le corresponde al arrendatario, no incluye la escalera en la cual la demandante alega que se cayó. Por tanto, la peticionaria UAPR no incurrió en omisión alguna que le responsabilice por los daños alegados. Es por eso que la interrogante que planteó el tribunal (si no había otra salida) es irrelevante en cuanto a la responsabilidad de UAPR respecta. La demandante alega que se cayó en una escalera comunal y la prueba y las estipulaciones de las partes

demuestran que el mantenimiento de dicha escalera le corresponde al arrendador y no a UAPR. Es posible que la parte demandante pruebe eventualmente que sufrió un daño por causa de una condición de peligrosidad existente. Sin embargo, la responsabilidad de evitar o eliminar con diligencia esa condición peligrosa en la escalera comunal del centro comercial no es de la arrendataria. Procede entonces, dictar sentencia sumaria desestimando la reclamación contra UAPR.

### III

Procede dictar una sentencia sumaria cuando queda establecido con claridad que la parte reclamante no tiene derecho a recobrar del promovente de la moción bajo cualquier circunstancia que resulte discernible de las alegaciones no refutadas que, a su vez, estén sustentadas por la evidencia presentada con la moción. *Corp. Presiding Bishop CJS of LDS v. Purcell,* 117 D.P.R. 714, 720 (1986). Es decir, la sentencia sumaria se dictará cuando el tribunal tenga ante sí la verdad sobre todos los hechos y encuentre que procede en derecho. Cuando la moción de sentencia sumaria es presentada por el demandado, de los documentos que acompañan la moción deben surgir hechos específicos que establezcan su ausencia de responsabilidad. *J.A.D.M. v. Centro Comercial Plaza Carolina, supra* pág. 10439.

La promovente en este caso ha demostrado que no existe controversia en relación a los hechos. También ha demostrado que no es responsable del accidente que dio lugar a la demanda. Por tanto, procede dictar sentencia sumaria a su favor. Aunque los casos en que se plantea si ha habido negligencia no se prestan, por lo general, para ser resueltos por la vía sumaria, el caso ante nos resulta claro y no existe una controversia material de hechos que nos impida disponer de este asunto. Bajo esas circunstancias, procede resolver por la vía sumaria. *J.A.D.M. v. Centro Comercial Plaza Carolina, Id.*; *Lasanta Piñero v. Retto Inc.,* 100 D.P.R. 694, 698 (1972); *Vda. de Viera v. Tribunal Superior,* 93 D.P.R. 503, 508 (1966). Los hechos estipulados por las partes sólo nos dejan sin resolver una controversia de derecho: ¿Cuál es la responsabilidad del arrendatario y del arrendador ante los hechos alegados? Ausente una controversia de hechos materiales, sólo resta aplicar el derecho. Regla 36.3 de Procedimiento Civil; *Roth v. Lugo,* 87 D.P.R. 386, 392 (1963). Para ello, no es necesaria una vista evidenciaria.

Por tanto, se expide el auto y se revoca la resolución recurrida. Se desestima por la vía sumaria la demanda y la demanda de co-parte contra UAPR, Inc., y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y ordena el Tribunal y lo certifica la Secretaria General. La Juez Ygrí Rivera de Martínez disiente sin opinión escrita.

Sonia Pacheco Román
Secretaria General