Alfonso de Cumpiano, Juez Ponente
*960 TEXTO COMPLETO DE LA SENTENCIA
Los apelantes, Sr. Ernesto Suero Peralta y otros, nos solicitan mediante recurso de apelación, la revisión de la sentencia sumaria parcial dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se desestimaron las reclamaciones de daños basadas en persecución maliciosa, libelo y calumnia, difamación y daños y perjuicios bajo el artículo 1802 del Código Civil, 31 L.P.R.A. see. 5141.
En síntesis, cuestionan los apelantes el que se desestimara sumariamente la causa de acción basada en el artículo 1802 del Código Civil, que para la causa de acción basada en difamación se aplicara a los hechos del caso la doctrina del privilegio restringido y por último el que no se dictara sentencia sumaria a su favor.
Por los fundamentos más adelante expuestos, no erró el tribunal en su dictamen y procede la confirmación de la sentencia.
I
Los hechos y procedimientos que anteceden a la controversia son los siguientes.
El Sr. Ernesto Suero Peralta trabajó como empleado del aquí apelado, Banco Popular de Puerto Rico (el Banco), desde 1987 hasta el 10 de septiembre de 1992 cuando fue suspendido de su empleo, conforme las normas reglamentarias del Banco, por haber sido acusado de un delito grave.
Los hechos que dieron lugar a dicha acusación, se remontan al mes de agosto de 1992 cuando el Banco se percató de la ocurrencia de retiros no autorizados en diversas cuentas.
El Banco inició una investigación que reveló que la persona que efectuaba los retiros no autorizados era el Sr. Victor Bonefont. El Sr. Jorge L. Vega Sánchez, de la División de Seguridad del Banco, entrevistó al señor Bonefont; le indicó que la persona que le suministraba la información y el número de cuenta de los clientes para los retiros era el señor Suero Peralta. Luego, el señor Vega refirió el caso a la División de Robos a Bancos de la Policía de Puerto Rico y al Departamento de Justicia.
Posteriormente el señor Bonefont y el señor Suero Peralta fueron arrestados y acusados de *961 apropiación ilegal agravada. Art. 166 del Código Penal, 33 L.P.R.A. see. 4272 (Supl. 1996). Como mencionado anteriormente, el 10 de septiembre de 1992 el señor Suero Peralta fue suspendido de su empleo en el Banco debido a la acusación contra él sometida. Dos días más tarde se reseñó en un periódico de circulación general la noticia referente a la apropiación ilegal ocurrida en el Banco y las acusaciones sometidas.
El 10 de diciembre de 1992, el Banco despidió de su empleo al señor Suero Peralta. Casi un año más tarde, el 15 de noviembre de 1993, éste fue encontrado no culpable del cargo de apropiación ilegal agravada imputado.
Como resultado de su exoneración en el caso criminal, el señor Suero Peralta, su madre y hermanos, instaron demanda en daños y perjuicios contra el Banco, basada en el artículo 1802 del Código Civil, persecución maliciosa, difamación, libelo y calumnia. Alegaron que el Banco instigó, gestionó y promovió que el señor Suero Peralta fuera acusado criminalmente, y que en ese proceso fue hallado no culpable. Alegaron además que éste fue despedido ilegalmente por el Banco.
Luego de varios trámites procesales, incluyendo la presentación por ambas partes de mociones para que se dictara sentencia sumariamente a su favor, el tribunal a quo, mediante la sentencia sumaria parcial apelada, desestimo las reclamaciones basadas en daños y perjuicios bajo el artículo 1802 del Código Civil, en persecución maliciosa, difamación, libelo y calumnia. Dejó pendiente para juicio en su fondo la reclamación sobre despido injustificado.
Contra dicho dictamen los apelantes interpusieron, el 30 de diciembre de 1996, la presente apelación, bajo los señalamientos de errores previamente reseñados y discutidos más adelante. Considerados los planteamientos de las partes, los documentos sometidos y el derecho aplicable, no tienen razón los apelantes.
II
En primer lugar cuestionan los apelantes el que se desestimara sumariamente su causa de acción basada en el artículo 1802 del Código Civil. Alegan que medió negligencia de parte de los cajeros del Banco y durante la etapa de investigación que realizó éste, y que ello, unido a la actuación del señor Bonefont causaron el daño. Además, cuestionan que la solicitud de sentencia sumaria no plantea inexistencia de causa de acción bajo el artículo 1802.
-A-
Conviene que nos expresemos sobre la procedencia, en casos en que se plantea negligencia, como éste, del mecanismo de sentencia sumaria...
La Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que una sentencia sumaria procede si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, demuestran que no hay controversia real sustancial en cuanto a hecho material alguno y que como cuestión de dereho procede dictar sentencia sumaria a favor de cualesquiera de las partes. Sólo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes y determine que no es necesaria una vista evidenciaría.
No debemos olvidar que el mecanismo de sentencia sumaria tiene como objetivo principal la terminación de una controversia sin la necesidad de que se celebre juicio. Por consiguiente, la moción solicitando que se dicte sentencia sumariamente obliga a que se presente la prueba que se utilizaría durante el juicio en respaldo de las alegaciones. "A través de este mecanismo el tribunal puede considerar prueba que, de no ser adecuadamente refutada, permite que se disponga e.l pleito a favor de alguna de las partes." Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272, 278 (1990).
Nuestro Tribunal Supremo ha indicado que los casos en que se plantea si hay o no negligencia de ordinario no deben resolverse por la vía sumaria a menos que el récord demuestre con claridad que no hay controversia genuina sobre el hecho de la negligencia. Cuadrado Lugo v. Santiago Rodríguez, supra, a la pág. 278; Lasanta Piñero v. Retto, Inc., 100 D.P.R. 694, 698 (1972).
Así pues, si el récord es claro y los hechos no establecen controversia sobre la negligencia no hay *962 impedimento para la utilización del mecanismo de sentencia sumaria para disponer del caso. Como veremos más adelante, el examen de los hechos alegados, y los documentos según recogidos en las determinaciones de hechos del tribunal en su sentencia demuestran que efectivamente no existía controversia genuina respecto a la alegada negligencia y que como cuestión de derecho procedía el dictamen sumario.
-B-
En la consideración de la negligencia debemos examinar las normas imperantes sobre responsabilidad civil extracontractual.
El artículo 1802 de nuestro Código Civil consagra los requisitos necesarios para cualquier acción basada en responsabilidad civil extracontractual. Es necesario que concurran una conducta culposa o negligente, que se sufra daños y que exista una relación causal suficiente en derecho entre dicho acto culposo o negligente y el daño sufrido. Por consiguiente, dicha disposición establece como elemento indispensable de la causa de acción a su amparo que exista relación causal.
El concepto de causa legal o causa suficiente en derecho viene a determinar cuáles actuaciones de las que intervinieron en la cadena de causalidad física de un resultado dañoso obligarán jurídicamente a sus autores a indemnizar al perjudicado por el daño sufrido. Por tanto, en nuestro acervo jurídico no toda causa natural o física se considera causa suficiente en derecho generadora de responsabilidad civil extracontractual.
En Puerto Rico, para las acciones civiles derivadas de la culpa o negligencia se ha establecido el criterio de la causalidad adecuada. Dicho criterio de causalidad postula que será causa suficiente en derecho aquella que ordinariamente produce el daño, según la experiencia general. Soto Cabral v. E.L.A., 140 D.P.R. _ (1995), 95 J.T.S. 49, a la pág. 816; Jiménez v. Pelegrina Espinet, 112 D.P.R. 700, 704 (1982). Siendo así, no es causa adecuada toda condición sin la cual no se hubiese producido el resultado sino aquella acción u omisión que por sí misma es capaz normal o regularmente, conforme la experiencia o el curso normal de los acontecimientos, de producir el daño en cuestión o de la clase dada. Soto Cabral v. E.L.A., supra, a la pág. 816; Sepulveda de Arrieta v. Barreto Domínguez, 139 D.P.R. _ (1994), 94 J.T.S. 158, a la pág. 548.
Los apelantes basan su reclamación bajo el artículo 1802 en la supuesta negligencia cometida por los cajeros del Banco al permitir que se realizaran retiros de cuentas de clientes sin que se cumpliera con los procedimientos establecidos por la institución para el retiro de cuentas de ahorro, y que dicha violación de las disposiciones reglamentarias fue la causa por la cual el señor Suero Peralta resultó acusado del delito de apropiación ilegal.
Hemos mencionado que para concluir que determinado acto u omisión es causa adecuada o causa suficiente en derecho, el daño sufrido tiene que como consecuencia ordinaria de dicho acto u omisión. Es decir, que de ordinario o regularmente éste produce dicho resultado.
Resulta imposible validar la alegación de que el daño sufrido por el señor Suero Peralta, basado en que éste fue sometido a un procedimiento criminal, fue una consecuencia del supuesto acto negligente cometido por los cajeros del Banco, al permitir que se realizaran retiros de cuentas de ahorros de clientes sin que se cumpliera con los procedimientos establecidos por la institución. Los hechos alegados no sustentan relación alguna entre la conducta de los cajeros y la consecuencia de responsabilidad civil reclamada basada en la sumisión a un procedimiento criminal.
Téngase presente que el hecho de que se viole una ley o reglamentación no implica que exista automáticamente responsabilidad civil extracontractual. Es necesario que exista nexo causal entre dicha violación y el daño causado. Negrón García v. Noriega Ortiz, 117 D.P.R. 570, 574-75 (1986).
Coincidimos con el tribunal apelado en que no concurre el elemento de nexo causal entre la negligencia de los cajeros alegada por los apelantes y el daño sufrido. Además, estamos de acuerdo con su determinación acerca de que aun bajo el entendido de que los empleados del Banco actuaron negligentemente no procede una causa de acción bajo el artículo 1802 en contra de éste ante la clara ausencia de nexo causal entre la negligencia alegada y el daño sufrido.
*963 Como consecuencia de lo antes expuesto resultan también improcedentes los señalamientos sobre negligencia combinada, mediante los cuales los apelantes argumentan que no procedía exonerar a uno de los co-causantes del daño, sino imponer responsabilidad a ambos, bajo la figura del "joint tortfeasor". La negligencia de los cajeros es irrelevante a la causa de acción y no hay base alguna en las alegaciones para la responsabilidad del Banco a base de la doctrina de persecución maliciosa como se discute más adelante.
-C-
En Puerto Rico se ha reconocido la acción civil por persecución maliciosa derivada de un proceso criminal. Parrilla Báez v. Airport Catering Services, 134 D.P.R. _ (1993), 93 J.T.S. 66, a la pág. 10667; Parés v. Ruiz, 19 D.P.R. 342, 345-46 (1913). La misma requiere que se pruebe que el demandado instigó la acción maliciosamente, sin que existiese causa probable, que la acción criminal concluyó a favor del demandante y que éste sufrió daños como consecuencia de dicha acción criminal. Parrilla Báez v. Airport Catering Services, supra, a la pág. 10667; Raldiris v. Levitt & Sons of P.R. Inc., 103 D.P.R. 778, 781 (1975) Parés v. Ruiz, supra, a la pág. 346.
Nuestro Tribunal Supremo ha expresado que esta acción no es favorecida por los tribunales pues desalienta el que se coopere con las autoridades en el procesamiento de actos delictivos. Parrilla Báez v. Airport Catering Services, supra, a la pág. 10667. Al respecto, expresó:

"[E]l mero hecho de informar a las autoridades la comisión de un delito no es suficiente para imponer responsabilidad, sino que debe demostrarse que el demandado instigó activa y maliciosamente la iniciación del proceso y que no fueron las autoridades quienes a base de su propia evaluación de los hechos decidieron procesar al demandante.

[E]s preciso que medie una imputación maliciosa, hecha de mala fe y sin fundamento razonable. Una afirmación que responda a una creencia razonable no conlleva responsabilidad alguna."

Raldiris v. Levitt & Sons of P.R., Inc., supra, a las págs. 781-82 (citas omitidas).
Los hechos alegados en este caso, basados en la prueba incontrovertible, no establecen que el Banco o alguno de sus empleados haya actuado maliciosamente o que haya suministrado información a las autoridades sin tener causa probable. Todo lo contrario, el señor Vega entrevistó al señor Bonefont sobre los retiros no autorizados y éste libremente le comunicó el nombre del señor Suero Peralta como la persona que le suministraba la información de las cuentas. Luego, éste se limitó a informar al Departamento de Justicia los detalles a él suministrados por el señor Bonefont.
No existe base en los hechos en que los apelantes fundamentan sus alegaciones que el señor Vega, u otro empleado del Banco, instigara o indujera activa y maliciosamente para que se procesara al señor Suero Peralta, ni en la etapa de someter los cargos ni en las subsiguientes determinaciones por un magistrado de causa probable para arresto y causa probable para acusar.
-D-
Alegan los apelantes que, en relación con la causa de acción basada en difamación, el tribunal erró al aplicar a los hechos del caso el privilegio restringido. Expresan que el apelado responsabilizó al señor Suero Peralta sin escuchar su versión sobre los hechos que se le imputaban. Además, alegan que, según la querella que dio lugar a la denuncia criminal contra el señor Suero Peralta, el Banco apelado fue el querellante y que testimonios de empleados del apelado, a saber los cajeros y el Sr. Luis Vega, empleado de seguridad, formaron parte de la prueba en dicho caso. Expresan que este privilegio no significa que la reputación de las personas quede a merced de ataques infundados.
La acción civil de daños y perjuicios por difamación es una acción genérica de responsabilidad extracontractual que incluye el libelo y la calumnia. Ojeda Ojeda v. El Vocero, Inc., 139 D.P.R. _ (1994), 94 J.T.S. 131, a la pág. 332. Dicha acción está reconocida en la Ley de Libelo y Calumnia, 32 L.P.R.A. secs. 3141-49.
*964 Ahora bien, para armonizar el conflicto existente entre el interés en proteger la honra de los ataques difamatorios y otros intereses sociales legítimos se ha reconocido un privilegio restringido o inmunidad bajo el cual una persona puede informar a la comunidad sobre un asunto de interés público. Herminio Brau del Toro, Los Daños y Perjuicios Extracontractuales en Puerto Rico, Publicaciones J.T.S., 1986, pág. 991.
En Puerto Rico, y en atención a la situación específica ante nos, se ha reconocido este privilegio restringido en las comunicaciones ante los organismos encargados del orden público. Es decir, en situaciones en que una persona que razonablemente sospecha que se ha cometido o que se piensa cometer un delito, para su protección y la de la sociedad, comunica sus sospechas a las autoridades del orden público o a quien piensa de buena fe que puede tomar acción correctiva. Cortés Portalatín v. Hau Colón, 103 D.P.R. 734, 739 (1975). Véase también lo dispuesto al respecto en la sección 3144 de la Ley de Libelo y Calumnia, 32 L.P.R.A. see. 3144(3).
Dicho privilegio o inmunidad se pierde si la información se suministra a quien no existe razón para creer que puede proteger el interés personal del comunicador o la comunidad, si el comunicador proporciona publicidad excesiva al asunto en cuestión y, por último, si el comunicador actúa por motivos impropios. Cortés Portalatín v. Hau Colón, supra, a la pág. 739. Conviene destacar que una vez establecido que determinada situación está cubierta por dicho privilegio restringido, el peso de la prueba respecto a la pérdida del mismo recae sobre aquel que reclama la difamación. Romany v. El Mundo Inc., 89 D.P.R. 604, 618 (1963).
De entrada conviene señalar que según surge de la demanda los apelantes basaron su reclamación por difamación, libelo y calumnia exclusivamente en que se presentó una acusación de apropiación ilegal contra el señor Suero Peralta por un delito que se determinó judicialmente que él no cometió. Los propios apelantes en su recurso aceptan que no está en controversia el hecho de que el Sr. Víctor Bonefont suministró la información sobre los retiros al Banco y posteriormente a la Fiscalía. Aceptan también que las personas encargadas del proceso criminal en contra del señor Suero Peralta fueron de la División de Robos a Bancos y Fiscalía. Sólo alegan que de la querella que dio lugar a dicho proceso criminal surge como querellante el Banco y que como consecuencia de ello el señor Suero Peralta fue encarcelado, procesado y luego exonerado.
Ante el cuadro de hechos del presente caso, no cabe duda que la información que suministró el Banco a la División de Robos a Bancos y al Departamento de Justicia fue una hecha a base de una sospecha razonable producto de su investigación y las declaraciones del señor Bonefont y fue tramitada a la autoridad competente para tomar las acciones correspondientes. El Banco tenía información de la comisión de un delito y su deber era presentar esa información a los organismos competentes, puesto que se trataba de una apropiación ilegal de fondos de las cuentas de sus clientes. Al presentar la querella cumplió con ese deber. Concluimos que la información provista es una de las comunicaciones cubiertas por la inmunidad o el privilegio restringido.
Es correcta la alegación de los apelantes acerca de que este privilegio no significa que la reputación de las personas quede a merced de ataques infundados. Asimismo se señaló en Cortés Portalatín v. Hau Colón, supra, a la pág. 740. AI respecto se expresó que "las restricciones que se le imponen al privilegio entrañan protección adecuada, como exige nuestra Constitución, contra ataques abusivos a la honra". Cortés Portalatín v. Hau Colón, supra, a la pág. 740.
No hay base en el expediente, ni alegación alguna al respecto, de que el Banco proporcionó publicidad excesiva al asunto en cuestión o que actuara por motivos impropios más allá de aquellos producto de la información obtenida de su investigación de los hechos.
A tenor de lo discutido, se dan en este caso las circunstancias propicias para el dictamen de la sentencia sumaria a favor del Banco, por cuanto el récord demuestra con claridad que no hay controversia sobre los hechos esenciales y como cuestión de derecho así procedía. Por esa misma razón, no procedía se dictará ésta a favor de los apelantes.
ra
En virtud de todo lo anterior, se dicta sentencia confirmando la dictada por el tribunal de primera *965 instancia.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General