Feliciano Acevedo, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
1
Por medio del presente recurso de certiorari, se nos solicita que revisemos la determinación del *1228 Tribunal de Primera Instancia,' Sub-sección de Distrito, Sala de San Juan (Honorable Juez Héctor Brull Cestero), mediante la cual se declaró no ha lugar a una solicitud de sentencia sumaria presentada por PonceBank.
Por los fundamentos expuestos a continuación, expedimos el auto de certiorari y revocamos la determinación del foro recurrido.
II
La Sra. Migdalia Torréns (recurrida) trabajó para PonceBank durante siete años (1988-1995). Esta fue despedida el día 23 de octubre de 1995 y presentó querella el día 28 de octubre de 1997. En esencia, alega que fue despedida sin justa causa, reclamando así los remedios de la Ley 80 de 30 de mayo de 1976, 29 L.P.R.A. see. 185, et seq. La recurrida se acogió al procedimiento especial de carácter sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961.
La señora Torréns solicitó, a través de la querella presentada, que se dictara sentencia condenando a PonceBank a satisfacer la suma de $8,000.00, como compensación por despido injustificado, además del pago de costas y honorarios de abogado.
En su contestación a la querella, PonceBank alegó que el despido fue uno justificado, ya que la señora Torréns incumplió con normas y políticas de PonceBank, de las cuales tenía pleno conocimiento.
El 31 de julio de 1997, PonceBank presentó ante el Tribunal de Primera Instancia, una solicitud de sentencia sumaria para desestimar la reclamación en su totalidad. Específicamente, PonceBank alegó que, a tenor con las propias admisiones de la querellante en su deposición, el despido de ésta había sido uno justificado al amparo de la Ley Núm. 80, supra.
La señora Torrens se opuso a dicha solicitud alegando, en esencia, que existían controversias de hechos que impedían que el Tribunal de Primera Instancia dictara sentencia sumaria a favor de PonceBank.
El 20 de octubre de 1997, el foro recurrido denegó de plano la solicitud de PonceBank.
De dicha resolución, recurre ante nos PonceBank, solicitando que expidamos el auto de certiorari y desestimemos la querella en su totalidad, alegando que el despido fue uno justificado.
III
PonceBank señala la comisión de los siguientes errores:

"A. Erró el Tribunal de Primera Instancia al denegar la solicitud de sentencia sumaria presentada por PonceBank cuando la propia querellante admitió en su deposición el haber cometido las faltas que justificaron el despido de ésta.

B. Erró el Tribunal de Primera Instancia al emitir una resolución declarando no ha lugar la solicitud de sentencia sumaria de PonceBank sin haber formulado los hechos incontrovertidos y los controvertidos, según requerido por la Regla 36.4 de las de Procedimiento Civil."

IV
En su primer señalamiento de error, PonceBank alega, esencialmente, que procedía dictarse sentencia sumaria. Le asiste la razón. Veamos.
Es norma reiterada en nuestra jurisdicción, que la moción para que se dicte sentencia sumariamente, consagrada en la Regla 36.6 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36, es una herramienta mediante la cual una parte solicita al Tribunal que adjudique sin la celebración de un juicio. Cuadrado Lugo v. Santiago, 126 D.P.R. 272 (1990), 90 J.T.S. 59, 7702.
Específicamente, la Regla 36.6 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.6, dispone que:

*1229
"La sentencia solicitada se dictará inmediatamente si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente."

Un hecho material es aquél que afecta el resultado de la acción que es determinante para adjudicar el pleito. En HMCA Inc. v. Colón Cario, _ D.P.R. _ (1993), 93 J.T.S. 112, nuestro más alto Tribunal manifestó que:

"Una controversia sobre un hecho que no es determinante para adjudicar el pleito, no es sobre un 'hecho material que impida que se dicte sentencia sumaria'."

Cuando existen conflictos o disputas en cuanto a los hechos del caso, no procede que se dicte sentencia sumariamente. Según lo ha determinado el Tribunal Supremo de Puerto Rico, "sólo procede dictarse en casos que resulten claros, o sea, cuando el Tribunal tenga ante sí la verdad sobre los hechos pertinentes...". Lasanta v. Retto Inc., 100 D.P.R. 694, 698 (1972).
Al presentar una moción de sentencia sumaria, la parte promovente deberá poner al juzgador en posición de determinar si efectivamente no hay controversia alguna en cuanto a los hechos materiales de la acción. La moción para que se dicte sentencia sumariamente debe ir acompañada de documentos que avalen los hechos que sustentan la posición de la parte que la solicita. De entender el Tribunal que la moción no dirime credibilidad, presumirá como ciertos los hechos no controvertidos. Colegio de Ingenieros v. Autoridad de Acueductos y Alcantarillados, _ D.P.R. _ (1992), 92 J.T.S. 137, 10025.
Al adjudicar una moción de sentencia sumaria, el juez debe considerar todos los documentos que obran en el expediente, aun cuando no formaban parte de los que se acompañaron a la moción o a la oposición. Cuadrado Lugo v. Santiago, supra.
La desestimación de una acción procede sólo si el reclamante no tiene derecho a ningún remedio bajo cualesquiera hechos que éste pueda probar en juicio a base de lo que ha alegado en la demanda. Metropolitana de Préstamos v. López de Victoria, Opinión de 1ro. de noviembre de 1996, _ D.P.R. _ (1996), 96 J.T.S. 138, pág. 259.
No cabe duda que la parte que solicita que se dicte sentencia sumaria en un litigio está obligado a demostrar, más allá de toda duda, la inexistencia de una controversia real sobre todo hecho pertinente que, a la luz del derecho sustantivo aplicable, determinaría una sentencia a su favor como cuestión de ley. En general, véase el caso de Mercado Vega v. U.P.R., 128 D.P.R. 273 (1991).
Resulta pertinente señalar, que la señora Torréns planteó en el inciso tres (3) de su querella, que durante el tiempo que laboró en PonceBank, realizó sus labores de forma diligente, responsable y sin ninguna amonestación en su expediente de personal. Sin embargo, surge del expediente ante nuestra consideración, que el día 24 de mayo de 1994, la recurrida recibió y firmó una notificación sobre su desempeño como supervisora de operaciones, de parte del Sr. Ramón Vázquez, Supervisor de área. (Exhibit B, pág. 74) Posteriormente y debido a dicha amonestación, la señora Torréns no recibió aumento de salario. (Moción de Sentencia Sumaria, Exhibit A, pág. 20)
El día 7 de noviembre de 1994, la Señora Torréns recibió nuevamente una carta de parte del Supervisor de área, Sr. Ramón Vázquez. Mediante dicha carta, se le informó sobre su responsabilidad como oficial de operaciones. Entre otras cosas, la carta dice lo siguiente:
"Estas fallas administrativas denotan una falta de conocimiento o malicia de parte suya sobre asuntos que son de suma importancia para mantener la pureza en las operaciones de la sucursal... Esperamos que en una próxima ocasión usted pueda ejercer su función de una manera más eficiente y que de haber dudas sobre qué procede, pueda hacer las consultas que conlleve la situación para r.. Lr determinar el curso a seguir." (Exhibit C, pág. 76).
Nuevamente, el 13 de octubre de 1995, la recurrida recibió otra carta, mediante la cual se le *1230 apercibía de una serie de actos que constituían violaciones a procedimientos y reglamentos de PonceBank. (Exhibit D, pág. 77).
El 2 de octubre de 1995, el Banco Popular informó un faltante de $7,000.00 en un depósito llevado a cabo por la sucursal de El Señorial de PonceBank, el 26 de septiembre de 1995. La señora Torréns, como oficial de operaciones de la sucursal, era la responsable de preparar el mencionado depósito, según lo establecen las normas del Banco. En su deposición, la recurrida admitió haberse desviado del procedimiento establecido por el Banco para la preparación de depósitos. (Exhibit A, páginas 62-64).
En el caso ante nuestra consideración, resultaba claro que la recurrida había recibido cartas relacionadas a su labor ineficiente y en contradicción a las normas establecidas por PonceBank.
El 26 de septiembre de 1997, la señora Torréns sometió su moción en oposición a la solicitud de sentencia sumaria. En la misma, alegó que el caso de Casto Soto v. Hilton Hotel, _ D.P.R. _, 94 J.T.S. 128, era de aplicación al caso ante nos. Este caso discute la dificultad de poder descifrar la intención discriminatoria, al amparo de la Ley Núm. 100 de 30 de junio de 1959, según enmendada.
Entendemos que dicho caso es inaplicable a la controversia que nos ocupa, puesto que la controversia allí presentada versaba sobre aspectos discriminatorios en el empleo, mientras que el caso ante nuestra consideración, gira en torno a una reclamación de despido injustificado.
La Ley Núm. 80 de 30 de mayo de 1976, según enmendada, en su sección 185(b) dispone, en lo pertinente, lo siguiente:

"Se entenderá por justa causa para el despido de un empleado de un establecimiento:

(a)Que el obrero siga un patrón de conducta impropia o desordenada.

(b)La actitud del empleado de no rendir su trabajo en forma eficiente o de hacerlo tardía o negligentemente o en violación de las normas de calidad del producto que se produce o se maneja por el establecimiento.

(c) Violación reiterada por el empleado de las reglas y reglamentos razonables establecidas para el funcionamiento del establecimiento siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado.

(d)...

(e)...

(f)-"

Como correctamente señala PonceBank, la Ley Núm. 80, según enmendada, supra, establece los criterios y parámetros para determinar cuándo un despido se considera justificado; a saber, cuando "tiene su origen no ya en el libre arbitrio del patrono, sino en razón vinculada a la ordenada marcha y normal funcionamiento de la empresa". Secretario v. ITT, 108 D.P.R. 536, 543 (1979).
Por otro lado, el Tribunal Supremo de Puerto Rico ha resuelto claramente que la obligación de indemnizar a un empleado que ha sido despedido de su empleo no es absoluta, sino que surge cuando el empleado ha sido despedido caprichosamente, sin una causa, razón o motivo justificado. Bus Line v. Tribunal de Distrito, 70 D.P.R. 690 (1949). En el citado caso, el Tribunal Supremo se expresó en la página 695, de la siguiente forma: "La negligencia, la incompetencia, la deslealtad y la desobediencia a las reglas y órdenes del patrono son motivos justificados para despedir a un empleado".
En el presente caso, la señora Torréns tenía un récord disciplinario documentado en su expediente personal. De dicho récord se desprende que ésta había cometido faltas en el desempeño de sus' funciones como Oficial de Operaciones en PonceBank, desde mayo de 1994.
*1231 Es evidente que la decisión de despedir a la señora Torréns, no fue una caprichosa ni arbitraria, sino una basada en la falta de exactitud de desempeño con la que se debe trabajar en un banco.
En la declaración jurada que acompañó la oposición a la moción de sentencia sumaria, la recurrida sostuvo que las actuaciones, alegadamente aceptadas, fueron consecuencia de un esquema de coacción por parte de la Gerente de la Sucursal de El Señorial. Alega haber testificado sobre las razones que justificaron todas y cada una de sus actuaciones y alega haber sido oprimida y perseguida por distintos empleados para hacerle daño. Para evidenciar esto, la querellante expone que hubo un incidente en que su propio supervisor le aconsejó que no llevara el "chisme más allá". Aparte de dicho incidente, de un examen de la.transcripción de la deposición-de la recurrida, nos percatamos que. ésta nunca alegó sentirse oprimida o perseguida.
Resulta forzosa la siguiente pregunta: "¿Incurrió o no la recurrida en actos que justificaran su despido?"
Sin duda alguna, el Tribunal de Primera Instancia tenía ante sí evidencia documenta] de la cual se desprendía la existencia de diversas amonestaciones impartidas, por PonceBank a la señora Torréns. Cabe señalar, que la recurrida no desmiente, en momento alguno, el haber incurrido en las faltas por las cuales se le amonestó reiteradamente. Más aún, en su deposición, al decir que violó normas operacionales, argumentó que constituían motivo para despedirla. (Véase deposición de la querellante, Apéndice, pág. 64).
PonceBank actuó acorde a lo permitido por la Ley Núm. 80, según enmendada, supra. Como patrono, tenía el derecho de velar por el buen funcionamiento de sus operaciones bancadas, exigiendo calidad y eficiencia a sus empleados.
A la luz de las disposiciones de la Ley Núm. 80, supra, procedía que el Tribunal de Primera Instancia dictara sentencia sumaria a favor de PonceBank.
V
En su segundo señalamiento de error, la peticionaria alega, esencialmente, que el Tribunal de Primera Instancia debió cumplir con lo dispuesto en la Regla 36.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.4. Aun cuando lo que procede en este caso es que se dicte sentencia sumaria, entendemos que es pertinente discutir brevemente este error. Veamos.
La Regla 36.4, supra, dispone lo siguiente:

"Si en una moción presentada bajo las disposiciones de esta regla no se dictare sentencia sobre la totalidad del pleito ni se concediere todo el remedio solicitado y fuere necesario celebrar juicio, el Tribunal determinará los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos, mediante el examen de las alegaciones y de la evidencia presentada y oyendo argumentos de los abogados en vista oral, únicamente cuando el Tribunal lo estime necesario. El Tribunal, al emitir su resolución, dictará inmediatamente una orden especificando los hechos sobre los cuales no hay controversia sustancial, incluyendo hasta qué extremo la cuantía de los daños u otra reparación no está en controversia y ordenando los procedimientos ulteriores que sean justos en el pleito. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad."

El Tribunal de Primera Instancia debió cumplir con lo dispuesto en la Regla 36.4 de las de Procedimiento Civil, supra. El Tribunal carecía de discreción para omitir el claro mandato de la regla citada. Esta dispone que el Tribunal determinará los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos.
Lo importante de esta regla, es que el texto mejorado hace énfasis en el carácter mandatorio de la determinación de los hechos materiales sobre los cuales no hay controversia sustancial. José A. Njvas Segarra, Práctica Procesal Puertorriqueña, Publicaciones J.T.S., 1996, pág. 192.
Sin duda, el lenguaje de la regla es claro. Estamos ante una regla de procedimiento imperativa, cuyo *1232 cumplimiento no queda a la discreción del Tribunal.
Conforme a lo anterior, somos del criterio de que los errores señalados fueron cometidos.
Por los fundamentos anteriormente expuestos, revocamos la resolución emitida por el Tribunal de Primera Instancia y ordenamos se dicte sentencia conforme a lo aquí expresado.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General